IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kurt C.,[1] | ) |
| | ) |
|       **Plaintiff,** | ) |
| | )   Case No. 23-cv-01667 |
| v. | ) |
| | )   Honorable Beth W. Jantz |
| **MARTIN J. O'MALLEY,** | ) |
| **Acting Commissioner of Social Security,**[2] | ) |
| | ) |
|       **Defendant.** | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Kurt C.'s application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). For the reasons that follow, Plaintiff's Memorandum in Support of a Motion for Summary Judgment (dkt. 14) is GRANTED and the Commissioner's Motion for Summary Judgment (dkt. 17) is DENIED. The Commissioner's decision is reversed, and this matter is remanded for further proceedings, consistent with this Memorandum Opinion and Order.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by his first name and the first initial of his last name.
[2] Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. O'Malley has been substituted for his predecessor.

I.  Background

On August 14, 2020, Plaintiff filed applications for DIB and SSI, alleging disability beginning December 19, 2019. R. 11. Plaintiff's claims were denied initially on June 8, 2021, and upon reconsideration on October 6, 2021. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") on March 21, 2022. R. 32-71. The ALJ denied Plaintiff's claims on June 1, 2022. R. 8-27. The Appeals Council denied Plaintiff's request for review on January 19, 2023, R. 1-6, making the ALJ's decision the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. § 404.1520. R. 14-21. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of December 1, 2019. R. 14. At step two, the ALJ found that Plaintiff had the following severe impairments: substance abuse disorder; depression; anxiety; posttraumatic stress disorder ("PTSD"); and attention deficit hyperactivity disorder ("ADHD"). *Id.* The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the Social Security Administration's listings of impairments. R. 14-16. Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: could frequently handle and finger, bilaterally; could perform simple, routine tasks; could make simple work-related decisions; and could have occasional interaction with supervisors, co-workers, and the public. R. 16-20. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 20. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that

Plaintiff could perform. R. 20-21. The ALJ then concluded that Plaintiff was not disabled under the Social Security Act. R. 21-22.

## II.     Standard of Review

The Court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence. *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Biestek v. Berryhill*, 587 U.S. 97, 102, 139 S. Ct. 1148, 1154, 203 L.Ed.2d 504 (2019)). While reviewing the Commissioner's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052-53 (quoting *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021)). On the other hand, the Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

## III.    Discussion

An ALJ's decision to discredit a claimant's alleged symptoms will be overturned only if the decision is "patently wrong, meaning it lacks explanation or support." *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017) (internal quotation marks omitted). "A credibility determination lacks support when it relies on inferences that are not logically based on specific findings and evidence." *Id.* The ALJ must explain how he came to his conclusions "in such a way that allows us to determine whether [he] reached [his] decision in a rational manner, logically based on [his] specific findings and the evidence in the record." *Murphy v. Colvin*, 759

3

F.3d 811, 816 (7th Cir. 2014). In this case, even under the appropriate deferential standard of review, the Court finds that the ALJ was patently wrong in his assessment of Plaintiff's subjective symptom allegations because that assessment lacked sufficient support and explanation. Remand is thus required. *See e.g., id.* ("We must remand this case for further proceedings because the ALJ did not adequately explain its credibility determination and it was not supported by substantial evidence in the record.").

At the hearing, Plaintiff testified that he was unable to work due to paralyzing anxiety, strong depression, overthinking, and his inability to remain stable. R. 49-50. In finding that Plaintiff was not disabled, the ALJ discredited Plaintiff's allegations, finding them "inconsistent" and "not supported by the objective medical evidence." R. 17-18. The only further "explanation" offered by the ALJ for this conclusion was that "[t]he claimant's impairments are treated with medications and counseling. As outlined above, he also has had problems with substance abuse and has been in rehabilitation programs. He appears to see his treatment providers regularly and reports compliance with medications. His mental status exams are generally within normal limits. Overall, the record does not support disabling allegations." R. 17. But, for the reasons that follow, this "explanation" does not allow the Court to determine that the ALJ "reached [his] decision in a rational manner, logically based on [his] specific findings and the evidence in the record." *Murphy*, 759 F.3d at 816.

First, it is not apparent to the Court how Plaintiff's continued mental health and substance abuse treatment and medication compliance necessarily conflict with Plaintiff's allegations. Can a person with continued treatment who complies with their medication never require significant limitations? Such a conclusion seems illogical without further explanation or context, especially in this case where Plaintiff at times continued to have significant symptoms ***despite*** such treatment

4

and compliance, even requiring hospitalizations where he received treatment for mental health symptoms, including suicidal feelings, depression, bipolar disorder, and anxiety, *see* R. 330-44, 346-61, 367-76, 588-601. The ALJ may have had good reasons to believe that Plaintiff, as a person who received regular treatment and complied with his medication, did not have the limitations he alleged, but the ALJ did not explain those reasons and they are not obvious to the Court.

Second, while the ALJ mentioned Plaintiff's "problems with substance abuse" in discrediting Plaintiff's symptoms, the Court cannot determine how that necessarily supported the ALJ's decision. R. 17. It is true that "when a claimant has a potentially disabling illness and is a substance abuser, ALJs must determine whether the claimant would still be disabled 'were [he] not a substance abuser.'" *Alvin S. v. Kijakazi*, No. 21-CV-3781, 2023 WL 2499860, at *5 (N.D. Ill. Mar. 14, 2023) (citing *Harlin v. Astrue*, 424 Fed. Appx. 564, 567 (7th Cir. 2011)). However, the ALJ's decision in this case contained no such analysis, and the Court cannot tell whether the ALJ appropriately considered the matter in this light.

The ALJ's observation that Plaintiff's "mental status exams [were] generally within normal limits," R. 17, also does not explain why the ALJ chose to discredit Plaintiff's allegations. First, the Court does not know what status exams the ALJ is referring to, as the ALJ did not cite to any status exams. Earlier in his decision, he cited to one "psychiatric exam," which appears to contain some "normal" findings, such as that Plaintiff was "fully oriented," had an "appropriate" affect, and "no abnormal thought content." R. 18-19 (citing R. 380). However, this exam also included findings that appear to be out of the ordinary, such as that Plaintiff displayed an "anxious mood," and an "immediate retention/recall impairment," and the assessments were bipolar disorder, PTSD, ADHD, and heroin use disorder, R. 381.

5

Second, even if the ALJ had identified at least some normal status exams, the ALJ gave no explanation of *how* some normal findings were necessarily inconsistent with Plaintiff's alleged limitations. An individual with "normal" mental status exams can still have significant limitations. *See, e.g., Rodney S. v. Kijakazi*, No. 20-CV-1230, 2021 WL 3418858, at *11 (N.D. Ill. Aug. 5, 2021). If the ALJ thought there were reasons why some "normal" findings were inconsistent with Plaintiff's allegations, the ALJ should have provided those reasons. He was not permitted to merely determine what the (unspecified) exams meant without more.[3]

The ALJ's blanket statement that the "record [did] not support disabling allegations," R. 17, is likewise insufficient. Indeed, his discussion of the record evidence includes references to evidence that might support a finding of disability, R. 17-18 (citing R. 330, 339, 346, 595), but the ALJ offered no explanation of how that evidence was less persuasive or outweighed by other evidence. For example, without explanation from the ALJ, the Court cannot understand how Plaintiff's reports of stability and unspecified "normal" exams necessarily outweighed his multiple in-patient hospitalizations where he received significant mental health treatment, which the ALJ acknowledged. *See id.*

Based on all of the foregoing, the Court cannot determine whether the ALJ "reached [his] decision in a rational manner, logically based on [his] specific findings and the evidence in the record," and thus remand is required. *Murphy*, 759 F.3d at 816. Therefore, Plaintiff's Memorandum in Support of a Motion for Summary Judgment (dkt. 14) is GRANTED and the

---

[3] It is especially unclear how the ALJ determined what the findings meant because he found that none of the record opinions were persuasive (including the opinion of Plaintiff's treating counselor, who opined that he had severe limitations that would have rendered him disabled). *See* R. 19. The ALJ was "required to rely on expert opinions instead of determining the significance of particular medical findings [himself]." *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014). It does not appear that the ALJ relied on any expert opinion to determine the significance of Plaintiff's medical findings.

Commissioner's Motion for Summary Judgment (dkt. 17) is DENIED. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date: September 16, 2024

BETH W. JANTZ

United States Magistrate Judge